MARJORIE SCALA *vs.* IVA E. A. MARTIN.

MARCH 27, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of the case for negligence to recover damages suffered by the plaintiff by reason of a collision between an automobile, belonging to and then being driven by her in a westerly direction on Angell street, and an automobile then being driven by the defendant northerly on Hope street in the city of Providence. In a second jury trial in the superior court a verdict was returned for the plaintiff for $70.93, which was just the amount of the admitted monetary loss suffered by her by reason of damage to her car resulting from the collision, although she had introduced testimony that she had also suffered bodily injuries from that collision.

The case is now before us on one exception only, taken by the plaintiff, to the decision of the trial justice in denying her motion for a new trial, which was based solely on the ground of the inadequacy of the damages awarded by the jury in their verdict. The question for us to decide, in reviewing his decision, is whether, upon the evidence as shown by the transcript, the plaintiff had proved, by a clear preponderance of the evidence, that she had also suffered physical injuries from that collision.

The following facts were shown by uncontradicted evidence. The defendant's car ran into the left side of the plaintiff's car. The defendant then got out of her car and came over to the plaintiff's car and they had a very brief conversation. Within a few moments afterwards the plaintiff, with some assistance from a young man, got out of her car, on the right side, and walked over to the sidewalk at the northwest corner of the intersection. Her car was moved over to the north side of Angell street just west of Hope street. The defendant's car was moved into a position on the south side of Angell street just west of Hope street. After a few minutes the plaintiff walked over from the northwest corner to the southwest corner, where the defendant and another woman,.who had been with her, were sitting in the defendant's car and talking to each other.

Not long afterwards the plaintiff walked across Angell

street again, and took a hymnal out of her car and then, "a short half hour or so" after the collision, according to her testimony, she started to walk across that street a third time, apparently with the intention of sitting in the defendant's car. As she went in front of her own car, which was facing west, and got beyond the southwest corner of it, she was struck by another car, which was driven by a minister and was traveling westerly. When she first testified as to this, she said: "Another car came along and knocked me flat down and I sat down. It ran over my left foot as I stepped my foot across the track."

In the fourth question after that she was asked what part of her body the car struck and she answered: "My foot. As I put my foot across the street, he ran over my foot and I sat right down." A moment later she was asked by her attorney: "And you sat right down in the street. That it?" and her answer was: "I sat or flopped, whatever it is, when you are knocked completely down. You are sitting there." She said that the car fractured some of the bones of her foot.

On cross-examination she testified that this car struck her left foot and the lower part of her leg, around the ankle and perhaps half way up to her knee; that her ankle was all smashed; and that it caused her to be thrown to the ground. She testified also that she received injuries in the first of these accidents; that the left door of her car struck her left thigh and left side and bruised them, so that they became black and blue; that her elbow was cut from the glass in the door and that her finger was wrenched; and that she then suffered pain from these injuries and continued to do so to the time of the trial. She also testified to pain and discomfort still resulting from these injuries. She also introduced medical testimony as to injuries to her left side, thigh and hip.

Evidence for the defendant showed that the plaintiff brought an action against the driver of the car that caused the second accident. In that action a bill of particulars

of her injuries was filed in which it was stated that she had sustained injuries to her left foot, knee, leg, thigh, hip, and her back, an injury to her right hand in the region of the index finger and thumb and a bruise on her left elbow. The plaintiff denied that she had authorized the bringing of that action or the bill of particulars therein. That case was settled by agreement between the parties thereto.

In behalf of the defendant in the instant case there was introduced evidence by a police officer, who had investigated the two accidents, that he had interviewed the plaintiff on the day when they occurred; that she did not claim that there was any injury resulting from the first accident; and that she said that she was knocked to the ground in the second accident.

The defendant testified that immediately after the collision between her car and that of the plaintiff she had gone to the latter's car and asked if she was hurt and that the latter said that she was not hurt, but was a little nervous and upset. As to this conversation the plaintiff had testified that the defendant said to her: "Are you hurt?" and in the same breath said: "Oh, no, you are not hurt". The plaintiff never testified that she then, or at any time before the second accident, told the defendant that she, the plaintiff, was hurt.

The defendant also testified that the plaintiff, after her car had been pushed to the side of the street, got out of it; that the two of them then stood on the sidewalk and talked there for a while and then she, the defendant, went and sat for quite a long time in her own car; that the plaintiff went back to her own car and then, after a time, came out of it, with a book in her hand, and started to cross the street again and was very forcibly knocked down by the clergyman's car; that she then went over to the plaintiff; and that the latter then had a bleeding cut just below her left knee.

The defendant further also testified that within three days after the accidents she called on the plaintiff at the

latter's home and talked with her about them; that the plaintiff said to her that she was not hurt from the first accident but that "she was going strong for the minister"; and that the plaintiff had made a similar statement to her by telephone on the day after the accidents. She testified also that about two weeks after the accidents she and her daughter called at the plaintiff's home and that the plaintiff then showed the defendant her side and said that she was bruised from the second accident; and that the plaintiff never, in any one of several calls that the defendant made on her, said that she was hurt in the first accident; and that it was not until about three or four weeks after the accidents when the plaintiff said that she was going to sue her because "we think some of the trouble was caused from your accident."

The defendant's daughter testified that about two weeks after the accidents she went with her mother to the plaintiff's home and that the plaintiff said to her, in substance: "My injuries were not caused by your mother's accident. They were caused by the other accident I had with the minister. I am going to sue him. I am going after the minister." This witness denied that the plaintiff ever said to her or to her mother, in the daughter's hearing, anything about the injury to the plaintiff's leg having been caused by the mother's car.

The woman who was with the defendant at the time of the first accident and until after the second one testified that the plaintiff was not hurt in the first accident and did not say she was. This witness also testified that after the second accident the plaintiff's leg was bruised and her stocking torn.

In rebuttal the plaintiff denied nearly all of the testimony for the defendant that was against the plaintiff's interest; and another woman testified that she was in the plaintiff's house when the defendant and the defendant's daughter were there; that the plaintiff had then a bruised place on

her left thigh and hip; and that she showed it to the daughter and said: "See what your mother's car did to me."

After considering all the relevant evidence, we are of the opinion that the issue depends mainly on the veracity of the witnesses and that, in view of the manner in which the case has come to us, we cannot properly conclude that the plaintiff showed by a clear preponderance of the evidence that she had received any physical injuries from the first collision or any loss other than that caused by the damage to her car. Therefore, we do not find that the trial justice erred in denying her motion for a new trial.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment in accordance with the verdict.

*Fergus J. McOsker,* for plaintiff.

*Henry M. Boss, J. Whitney MacDonald,* for defendant.